**ATTORNEYS AT LAW**
WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
foley.com

March 17, 2008

<u>**VIA E-MAIL**</u>

CLIENT/MATTER NUMBER
092230-0102

Charles S. Berkman
General Counsel, Vice President and Secretary
Ligand Pharmaceuticals, Inc.
10275 Science Center Drive
San Diego, CA 92121

Re: The Rockefeller University/Ligand Pharmaceuticals, Inc. Dispute

Dear Charles:

I write in response to your March 11, 2008 and March 13, 2008 letters to Harriet Rabb.

<u>Service of Process.</u>  The statements in your March 11 letter concerning service of process incorrectly recount what happened.  As confirmed in emails by you and Nancy Koch on March 4, 2008, the only agreement that you and Ms. Koch reached on that date was that both parties agreed to accept service of process by Federal Express.  There was no agreement that precluded service by any other means and no agreement that the effective date of service would be March 5.  The facts are that the University sent a service copy to Ligand by Federal Express and also personally served Ligand's New York agent on March 4, and the University did not receive Ligand's complaint sent by Federal Express until March 6.  Ligand's outside counsel at Knobbe Martens was aware that service of Ligand's complaint by Federal Express had not been effectuated on March 5.  On that day, a person from Knobbe Martens left me two telephone messages, indicating that Ligand would personally serve the University unless the parties agreed that Ligand's service would be effective on that date.  Although the University declined to make such an agreement, Ligand did not personally serve the University on March 5.

<u>Ligand's Preemptive Suit.</u>  To the extent you suggest that the University attempted to "gain advantage in priority of suit or other procedural matters," the same can be said of Ligand.  You stated that Ligand has "worked hard to be open with Rockefeller on all matters of the dispute" and "to conduct ourselves with . . . forthrightness in the process."  Those statements are contradicted by Ligand's haste to file a declaratory judgment action in California federal court on the morning of March 4 and Ligand's failure to give advance notice to the University of its intention to file suit.

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | NEW YORK | SAN FRANCISCO | TOKYO |
| BRUSSELS | LOS ANGELES | ORLANDO | SHANGHAI | WASHINGTON, D.C. |
| CENTURY CITY | MADISON | SACRAMENTO | SILICON VALLEY | |
| CHICAGO | MIAMI | SAN DIEGO | TALLAHASSEE | |
| DETROIT | MILWAUKEE | SAN DIEGO/DEL MAR | TAMPA | |

Exhibit "4"
61

WASH_3202983.3



**FOLEY & LARDNER LLP**

Charles S. Berkman
March 17, 2008
Page 2

The University, by contrast, was exceptionally open with Ligand, and with you in particular, in stating, well in advance, that the University would file suit when the Tolling Agreement expired on March 4 if the parties had not reached a settlement. At no point during those discussions did Ligand disclose its intention to file a preemptory suit for declaratory relief. While the University believes that Ligand's action ultimately will be dismissed, the University requests that Ligand withdraw its preemptory action at this time so as to conserve valuable time and resources of the parties and the Courts, and to demonstrate Ligand's commitment to forthrightness in the process.

<u>Ligand's Allegation of Conflict and Ethical Breach.</u>  Your March 11 letter raises "a potential conflict with [the University's] legal representation" and Ligand's apparent "concern[] that Foley & Lardner may be breaching an ethical obligation to Ligand by representing Rockefeller in the ongoing litigations."  The University and Foley & Lardner take your allegation very seriously.  Based on the information you provided, including a citation to the prosecution of PCT Application No. WO 95/31722, Foley & Lardner has conducted a careful internal review and has found no ethical conflict as to Foley & Lardner's representation of the University in this matter and Dr. Richard Warburg's prior patent prosecution work while he was at Lyon & Lyon, LLP.  We are disconcerted by the fact that Ligand waited until this time to raise this issue.  You, Charles, also worked at Lyon & Lyon, LLP, substantially overlapping with Dr. Warburg, and you have known of Foley & Lardner's representation of the University in this matter since the beginning of February 2008, in the course of your own participation along with Ligand's outside counsel in the parties' unusually intensive and open discussions about this matter.  We expect that Ligand has engaged in appropriate and extensive due diligence before making this serious accusation.  We request that Ligand provide any and all additional information that Ligand may have to support its allegation of conflict and ethical breach immediately, so that a complete and prompt resolution of this matter can occur.

<u>Ligand's Purported Termination.</u>  Your March 13 letter purports to raise yet another ground for terminating the September 30, 1992 License Agreement (the "1992 Agreement") for material breach under Section 11.3.  You have contended that "Rockefeller did not 'discharge their duty of disclosure to the United States Patent and Trademark Office.'"  Contrary to your statement, we emphasize that Rockefeller and its patent attorneys always have discharged their duty to disclose relevant prior art to the U.S. Patent and Trademark Office. We also note that Ligand was involved in the prosecution of Rockefeller's patents and patent applications covered by the 1992 Agreement and never raised any claim of material breach by the University during the past 15 years.

We note that, although we will be evaluating the publications and patents you cite in your March 13 letter, Ligand's most recent attempt to claim termination is a belated and disingenuous attempt to buttress Ligand's invalid termination last August.  After digesting the University's explanation in its October 3, 2007 letter as to the reasons why Ligand's termination last August was ineffective, Ligand now has surfaced this novel argument.  This new argument fails on several grounds, including the same reasons stated more fully in the October 3 letter.  In short, Ligand cannot avoid its payment obligations at this late date, now that Rockefeller has fully performed under the 1992 Agreement.  The University's rights to compensation under the terms of the 1992 Agreement vested


FOLEY & LARDNER LLP

Charles S. Berkman
March 17, 2008
Page 3

after the University fully performed its part of the bargain through exclusively licensing to Ligand all of its valuable Technical Information and Licensed Patent Rights and providing access to Dr. Darnell and his research for more than the five-year early period of the Agreement. It would make no sense for one party to fully perform its obligations, yet allow the other party to avoid its payment obligations after receiving the full benefit.  Indeed, New York law does not permit a party to avoid its payment obligations by terminating the contract after the other side has fully performed.  For this reason, Rockefeller rejects Ligand's most recent, ineffective termination notice.

              Very truly yours,

              *Anat Hakim*

              Anat Hakim